UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| STEPHEN PREVOST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:24-cv-425 |
| ) | |
| ANGELA BRICE and NORTH COUNTRY ) | |
| COMMUNITY COLLEGE, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ORDER GRANTING IN PART PLAINTIFF'S EXPEDITED MOTION
TO REDUCE DEFENSE EXPERT FEES**
(Doc. 60)

Plaintiff Stephen Prevost brings this negligence action against Defendants Angela Brice and North Country Community College seeking, among other things, damages he sustained in a motorcycle crash after allegedly being injured in a collision with a van operated by Ms. Brice and owned by her employer, North Country Community College. According to Plaintiff, Defendants' medical coding expert, Jeremy Reimer, and vocational rehabilitation expert, Erin Bailey, are scheduled to be deposed by video conference in February of 2025. Arguing that Mr. Reimer and Ms. Bailey have demanded advance payment of "patently unreasonable fees" for these upcoming depositions, Plaintiff filed an expedited motion to reduce the defense experts' fees on January 29, 2025. (Doc. 60.) Defendants responded on February 3, 2025, (Doc. 61), and Plaintiff filed a reply on February 4, 2025, (Doc. 63), at which point the court took the motion under advisement.

Plaintiff is represented by Ian P. Carleton, Esq., and Kevin A. Lumpkin, Esq. Defendants are represented by Shapleigh Smith, Jr., Esq. and Lena M. Capps, Esq.

I. **Conclusions of Law and Analysis.**

Mr. Reimer is charging a deposition fee of $700 per hour and has provided Plaintiff with an invoice for four hours of deposition time based on his request for "3-4 hours[.]" (Doc. 61 at 2.) Ms. Bailey is charging $550 per hour, with a minimum fee of $2,200 regardless of deposition length. Plaintiff contends that Mr. Reimer's hourly deposition fee is double what he charges Defendants for his time and asks that Mr. Reimer be required to lower his fee to $350 charged on an hourly basis. Plaintiff does not challenge Ms. Bailey's hourly rate but asks that she be ordered to charge on an hourly basis.

Defendants asserts that Mr. Reimer only charges for "the time that is requested of him[,]" *id.*, and that his hourly fee accounts for the time he spends preparing and gathering documents outside of the deposition, although both parties represent that they have agreed to "bear the cost of preparing their own experts for deposition." (Doc. 63 at 1.) According to Defendants, Mr. Reimer typically schedules depositions for two hours and "[a]ny more or less time must be requested and approved beforehand." (Doc. 61 at 2.) Defendants also note that Mr. Reimer "charges for full hours only." *Id.* Defendants do not dispute Plaintiff's description of Ms. Bailey's fee structure.

"Under Fed. R. Civ. P. 26(b)(4)(E), 'an expert witness is entitled to reasonable compensation for [his or] her time spent preparing for and attending a deposition noticed by an opposing party.'" *Souvenir v. Jordan*, 2022 WL 12399329, at *1 (S.D.N.Y. Oct. 21, 2022) (alteration adopted) (quoting *Polidora v. D'Agostino & Assocs.*, 2022 WL 443791, at *1 (S.D.N.Y. Feb. 14, 2022)). To determine whether an expert's fee is reasonable, courts generally consider:

> (1) the witness's area of expertise, (2) the education and training that is required to provide the expert insight that is sought, (3) the prevailing rates for other comparably respected available experts, (4) the nature, quality and complexity of the discovery responses provided, (5) the cost of living in the particular geographic area, (6) the fee being charged by the expert to the party who retained him, (7) fees traditionally charged by the expert on related matters, and (8) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.

*Polidora v. D'Agostino & Assoc.*, 2022 WL 443791, at *1 (S.D.N.Y. Feb. 14, 2022) (quoting *Adams v. Mem'l Sloan Kettering Cancer Ctr.*, 2002 WL 1401979, at *1 (S.D.N.Y. June 28, 2002)). "If the parties provide little evidence to support their interpretation of a reasonable rate, the court may use its discretion to determine a reasonable fee." *Hobson v. Kemper Indep. Ins. Co.*, 2021 WL 2138765, at *2 (D. Conn. May 26, 2021) (internal quotation marks omitted) (quoting *Mannarino v. United States*, 218 F.R.D. 372, 374 (E.D.N.Y. 2003)); *Avila v. Target Corp.*, 2022 WL 17338117, at *1 (E.D.N.Y. Nov. 30, 2022) (same).

Courts in the Second Circuit generally disfavor flat fees, "as courts expect some reasonable relationship between the services rendered and the remuneration to which an expert is entitled." *Hobson*, 2021 WL 2138765, at *2 (internal quotation marks omitted). Courts in this Circuit also typically refuse to approve the prepayment of expert witness fees. *Id.* (noting that expert witness "may not insist on advance payment") (internal quotation marks omitted); *Wile v. James River Ins. Co.*, 2020 WL 410071, at *3 (W.D.N.Y. Jan. 24, 2020) ("The [c]ourt will not direct advance payment."). To the extent that Ms. Bailey's fee structure requires that she be paid for a minimum number of hours, regardless of how many hours of deposition testimony are needed, her fees are unreasonable. The court will not permit Ms. Bailey to charge flat fees or any advance payment of fees for her upcoming depositions because to do so is patently unreasonable.

Defendants argue that Mr. Reimer's rate is not a flat fee because he only charges for the number of deposition hours requested, as "[i]t is not sustainable for him to block off a large portion of his day when the deposition may take much less than that time." (Doc. 61 at 2.) Allowing Mr. Reimer to charge for a predetermined number of hours would be contrary to the rule that expert witnesses may not demand advance payment. Because "experts typically must be compensated on 'an hourly basis for the hours actually expended in connection with a deposition[,]'" Mr. Reimer may not charge his hourly deposition fee for time that he blocked off in anticipation of being available for a deposition unless that time was actually spent being deposed or preparing for deposition. *Mendez-Caton v. Caribbean Fam. Health Center*, 340 F.R.D. 60, 66 (E.D.N.Y. 2022)

3

(quoting *Kreyn v. Gateway Target*, 2008 WL 2946061, at *1 (E.D.N.Y. July 31, 2008)). For the same reason, Mr. Reimer's hourly fee must be charged on a pro rata basis and Mr. Reimer may not require payment for a minimum number of hours. This does not mean that Mr. Reimer must charge by the minute; however, a deposition lasting for two hours and ten minutes, for example, should not be charged as a three-hour deposition.

Regarding Mr. Reimer's hourly fee, Defendants contend this fee is reasonable because of his specialized knowledge and training and the fact that it accounts for preparation time. Defendants also note that Mr. Reimer charges Plaintiff the same fee that has been paid eleven times by other attorneys requesting his deposition since December 2022, although they do not respond to Plaintiff's contention that Mr. Reimer charges Defendants a lower fee than he seeks to charge Plaintiff. If that is the case, it is impermissible.

Mr. Reimer has a bachelor's degree and more than twenty years of experience in his field. He is based in Odessa, Florida. Plaintiff asserts that the medical coding expert he retained, who is based in Vermont and has a nursing degree, charges $325 per hour for depositions on an hourly basis. Mr. Reimer's geographical location and level of education and training do not explain why his deposition rate is more than double the rate charged by Plaintiff's expert. Other courts in this Circuit have found that between $400 and $500 per hour is a reasonable deposition fee for doctors and surgeons, who have advanced training and education. *See, e.g., Avila*, 2022 WL 17338117, at *2 (setting $500 as reasonable hourly fee for deposition of plaintiff's treating physician); *see also Goldstein v. CVS Albany LLC*, 2023 WL 7017070, at *2-3 (E.D.N.Y. Oct. 25, 2023) (setting $500 as reasonable hourly fee for deposition of oral and maxillofacial surgery expert). The large discrepancy between the deposition rate Mr. Reimer is charging Plaintiff and the rate he charges Defendants for his time weighs strongly against finding his fee reasonable. *See Smith v. New York Presbyterian Hosp.*, 2012 WL 4903256, at *4 (S.D.N.Y. Oct. 12, 2012) (noting concern about expert seeking "to enjoy a windfall at [p]laintiff's expense" is a basis to adjust fee). Defendants also contend that depositions

"often require the involvement of [Mr. Reimer's] personal attorney[,]" but do not explain why that is necessary in this case. (Doc. 61 at 2.)

Based on these factors, an hourly rate of $700 is unreasonably high. Mr. Reimer is, however, entitled to compensation for time spent gathering documents or otherwise preparing for a deposition. *Broushet v. Target Corp.*, 274 F.R.D. 432, 434 (E.D.N.Y. 2011) ("[T]ime spent by an expert preparing for a deposition is clearly compensable in this Circuit."). Defendants agree that they are responsible for this expense. (Doc. 62.) Mr. Reimer may charge a reasonable hourly fee for the time spent in deposition.

"[I]t is well-settled that parties seeking court intervention to determine a reasonable fee for an expert deposition should do so after the deposition, not before it has taken place." *Ajasin v. Ortiz*, 2021 WL 1437551, at *1 (S.D.N.Y. Apr. 16, 2021); *see Conte v. Newsday, Inc.*, 2011 WL 3511071, at *2 (E.D.N.Y. Aug. 10, 2011) ("The rule and the case law makes it clear that the parties seeking court intervention to determine a reasonable fee for an expert deposition should do so retrospectively[.]"); *but see Avila*, 2022 WL 17338117, at *2 (granting order to compel deposition of expert and set reasonable compensation rate). Accordingly, the court orders the parties to attempt to agree on a reasonable hourly fee for Mr. Reimer. "Failing agreement, an application may then be made to the [c]ourt to determine the appropriate fee (with citations to specific authority to justify a particular fee)." *Ajasin*, 2021 WL 1437551, at *2. Both Mr. Reimer's and Ms. Bailey's fees must be charged on an hourly basis with no minimum hour requirement and no advance payment. The fees must have a reasonable relationship to the time spent preparing for and attending deposition as well as the rates charged by individuals with similar qualifications in their fields.

## CONCLUSION

For the reasons stated above, the court GRANTS IN PART Plaintiff's motion to reduce Defendants' experts' deposition fees but declines, at this time, to set Mr. Reimer's hourly fee. (Doc. 60.)

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 5th day of February, 2025.

_____
Christina Reiss, Chief Judge
United States District Court